845 F.2d 1033
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Cleo R. MOORE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3479.
 United States Court of Appeals, Federal Circuit.
 Feb. 8, 1988.
 
 Before EDWARD S. SMITH, NIES, and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), docket No. PH07528710005, upholding the indefinite suspension of Cleo R. Moore (Moore) by the United States Postal Service (agency), is affirmed.
 
 OPINION
 
 2
 Moore was a motor vehicle operator at the Philadelphia, Pennsylvania, Post Office. He was arrested on February 29, 1984, for the shooting of James Richardson (Richardson), the husband of Moore's ex-wife. Richardson was shot five times on February 24, 1984. Moore was charged with Criminal Attempt to Murder, Aggravated Assault, Assault, Recklessly Endangering the Life of Another Person, and Terroristic Threats.
 
 
 3
 The agency issued Moore a Notice of Proposed Indefinite Suspension on May 2, 1984, based on his arrest on a felony warrant and the charges against him. By letter dated May 30, 1984, the agency notified Moore of its final decision to suspend him.
 
 
 4
 Moore was later convicted of aggravated assault and of violating the Uniform Fire Arms Act. He is currently serving his sentence in the state penitentiary in Pennsylvania. Moore was removed by the agency following his conviction.
 
 
 5
 This appeal concerns only the indefinite suspension. The administrative judge (AJ) upheld the suspension because the agency had reasonable cause to impose the suspension pending resolution of the charges against Moore. The board's decision is supported by substantial evidence. At the time the suspension was proposed, the agency knew of Moore's arrest on a felony warrant and of the Postal Service Inspector's report which included the police report on the shooting. These documents clearly show the agency had reasonable cause to believe that Moore had committed a serious crime for which he could be imprisoned, justifying the emergency suspension.
 
 
 6
 Moore contends he was deprived of due process by his suspension prior to conviction of a crime. However, the statute clearly authorizes the suspension, permitting action without the 30-day notice otherwise required where "there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed." 5 U.S.C. Sec. 7513(b)(1). Moore seems not to recognize the seriousness of the charges against him, claiming that the agency acted solely to prevent him from filing a claim for injuries he allegedly received while employed by the agency. Assuming the existence of such injuries, the agency's action was still authorized because it knew of his arrest and had the police reports indicating that Moore had shot Richardson.
 
 
 7
 We must affirm the board's decision because it was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or obtained without procedures required by law, rule, or regulation having been followed. 5 U.S.C. Sec. 7703(c); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).